■ MICHAEL A. WOLFSON, M.D., M.P.H., Appellant, v PREVENTATIVE MEDICINE CLINICAL SERVICES et al., Respondents. [809 NYS2d 322]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered August 19, 2004. The order granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a share of the partnership proceeds of the medical practice of which he was a member by virtue of his employment agreement with the State University of New York. Pursuant to the terms of an agreement signed by plaintiff, the medical practice was subject to the United University Professions (UUP) Agreement (Agreement). Article 29 of the Agreement provided that the medical practice had to be in compliance with article XVI of the Board of Trustee Policies concerning, inter alia, the compensation of the members of the clinical practices. Section 29.1 of the Agreement further provided that "[t]he provisions of Article XVI . . . shall be subject to review in the grievance procedure," and section 7.1 provided that the grievance "process . . . shall be the sole method for the resolution of grievances." Section 7.5 (d) of the Agreement provided that, in the event that a grievance was not resolved following step 1 through step 3 grievances, then "UUP, upon grievant's request," may proceed to arbitration.

Plaintiff brought two different grievances and one improper practice charge and, although each was unsuccessful, plaintiff commenced this action rather than proceeding to arbitration. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Where, as here, " 'an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract' " (*Yoonessi v State of New York*, 289 AD2d 998, 999 [2001], *lv denied* 98 NY2d 609 [2002], *cert denied* 537 US 1047 [2002], quoting *Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.*, 485 US 1034 [1988]). Here, the grievance procedure, including arbitration, is the sole remedy provided to plaintiff concerning issues involving his compensa-

tion, and thus plaintiff may not seek redress in another forum. Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.